**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RUSSELL WIRTH, an individual, ) | Case No. CV 09-0832 RGK (SSx) |
| Plaintiff, ) | **MEMORANDUM AND ORDER RE: PARTIES'** |
| ) | **JOINT STIPULATION AND PROPOSED** |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| GRANT THORNTON LLP, an Illinois ) | |
| limited liability company, and ) | |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |

The Court has received and considered the parties' proposed Stipulation and Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only the

conclusory terms "private, proprietary, and/or otherwise highly confidential." (See p. 1, ll. 23).

Second, the Court cannot agree that all documents containing confidential information be filed "with a noticed motion for an order sealing the material" (p. 4, ¶ 7(a), p. 5-6, ¶ 7(b)) or that such documents be "lodge[d] . . . with the court conditionally under seal pursuant to Rule 2.551 of the California Rules of Court." (p. 5, ¶ 7). If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Third, if any dispute arises over the designation of confidential material, the Court cannot agree to the procedures set forth in the proposed protective order. (See p. 6, ¶ 10). All disputes regarding the designation of confidential material must be resolved according to the procedures set forth in Local Rule 37.

Finally, the proposed Protective Order fails to include any statement(s) establishing the requisite good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States Dist. Court, 187

1  F.3d 1096, 1102 (9th Cir. 1999); <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>,
2  966 F.2d 470, 476 (9th Cir.), <u>cert. denied</u>, 506 U.S. 868, 113 S. Ct.
3  197, 121 L. Ed. 2d 140 (1992)).  The Court may only enter a protective
4  order upon a showing of good cause.  <u>Kamakana v. City and County of
5  Honolulu</u>, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective
6  order insufficient to make particularized showing of good cause, as
7  required by Rule 26(c)); <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c)
8  requires a showing of good cause for a protective order); <u>Makar-Wellbon
9  v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even
10 stipulated protective orders require good cause showing).

12     In any revised stipulated protective order submitted to the Court,
13 the parties must include a statement demonstrating good cause for entry
14 of a protective order pertaining to the documents or information
15 described in the order.  The documents to be protected shall be
16 specifically described and identified.  The paragraph containing the
17 statement of good cause should be preceded by the phrase: "GOOD CAUSE
18 STATEMENT."  The parties shall articulate, for each document or category
19 of documents they seek to protect, the specific prejudice or harm that
20 will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130
21 (citations omitted).
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

1     In any revised stipulated protective order, the parties shall
2 include the following in the caption: "[Discovery Document: Referred to
3 Magistrate Judge Suzanne H. Segal]."

5     IT IS SO ORDERED.

8 DATED: June 10, 2009

                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE