BINGHAM MCCUTCHEN LLP
James Severson (SBN 67489)
james.severson@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067, U.S.A.
Telephone: 415.393.2000
Facsimile: 415.393.2286
Email: james.severson@bingham.com

Attorneys for Defendant
GRANT THORNTON LLP

KERSHAW, CUTTER & RATINOFF LLP
Stuart C. Talley (SBN 180374)
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916.448.9800
Facsimile: 916.669.449

Attorneys for Plaintiff
RUSSELL WIRTH

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL WIRTH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GRANT THORNTON LLP, an Illinois limited liability company; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. CV09-0832 RGK SSx<br><br>[~~PROPOSED~~] ORDER RE JOINT STIPULATION RE PROTECTIVE ORDER<br><br>[DISCOVERY DOCUMENT: Referred to Magistrate Judge Suzanne H. Segal]<br><br>Judge:   Hon. R. Gary Klausner |

A/73059364.1 /3303266-0000338570

In accordance with the parties' Joint Stipulation filed herewith, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any document produced in discovery, or any other document or information disclosed, served, filed, or given under oath in this Action (including, without limitation, answers to interrogatories, answers to requests for admission, deposition testimony, and transcripts of depositions), or any part thereof, at the time of production, disclosure, service, copying, filing, or signing, with the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, if inadvertently produced without such designation, by promptly furnishing written notice to the receiving Party that information shall be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order. Confidential information that is disclosed at a deposition must be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by indicating on the record at the deposition, or in writing to all Parties within ten (10) days following receipt of the final deposition transcript by counsel so designating, that the testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to the provisions of this Order with regard to confidentiality.

2. In exercising the right to designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,

the Parties agree to proceed in good faith. A Party shall not designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless the party has a reasonable, good faith belief that the material is of a private or confidential or proprietary nature deserving of such protection.

3. This Order does not restrict the right of the Designating Party to make such use or disclosure of its own material that has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as it is otherwise entitled to make. As to any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material disclosed to another Party in this litigation, such material shall not be used or disclosed by the receiving Party, or by any person granted access thereto under this Order, for any business or competitive purposes or for any purpose other than the preparation of this Action for trial, trial of this Action, and appeal of this Action, consistent with the terms of this Order.

4. Access to any CONFIDENTIAL material, or any part thereof, as well as to the matters contained therein, shall be limited to: (a) the judiciary, its employees, and its agents, including jurors; (b) the Parties, and the officers, employees, and agents of the Parties who have a reasonable justification to view the CONFIDENTIAL information or documents; (c) the attorneys for the Parties, their associates, assistants, and agents; (d) court reporters, their transcribers, assistants, and employees; (e) consultants and experts who have been retained by counsel for any Party, provided that the Protective Order is reviewed and Exhibit A is reviewed and signed by any such expert and consultant; and (f) deponents or trial witnesses, provided that the Protective Order is reviewed and Exhibit A is reviewed and signed by any such deponent or trial witness. Copies of these executed Exhibits shall be retained by counsel.

5. Access to any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, or any part thereof, as well as to the matters contained

therein, shall be limited to: (a) the judiciary, its employees, and its agents, including jurors; (b) the attorneys for the Parties, their associates, assistants, and agents; (c) court reporters, their transcribers, assistants, and employees; (d) consultants and experts who have been retained by counsel for any Party, provided that the Protective Order is reviewed and Exhibit A is reviewed and signed by any such expert and consultant; and (e) the individual who authored, prepared, or who by sworn testimony can be shown to have received the information before this lawsuit commenced. Copies of these executed Exhibits shall be retained by counsel.

6. With the exception of those persons and entities enumerated in Sections 4 and 5 above, no CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, or parts thereof, or any matters contained therein, or any extracts or summaries thereof, may be disclosed to any person or entity for any reason without the prior, written consent of the Designating Party.

7. Any time a Party submits material to the Court that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (or material that contains or discloses information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order), either of the following procedures shall be followed:

(a) If a Party submits material to the Court (the "Submitting Party") which contains material that the Submitting Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the Submitting Party wishes to maintain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation as to such material, the Submitting Party shall file an application and proposed order as directed by Local Rule 79-5.1. Applications and orders to seal, along with the

(a) constitute a waiver of any Party's right to seek at a future time from the Court an order restricting access to specific material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to a more limited group of individuals or entities than described herein, or granting access to specific material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to specific individuals; or

(b) preclude any Party from (i) claiming that any document or matter designated hereunder is not entitled to the protections of this Protective Order, or (ii) applying to the Court for an Order permitting disclosure or use of information or documents otherwise prohibited by this Protective Order; or

(c) constitute a waiver of any objection to any discovery request; or

(d) be construed as an admission or agreement that any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, is in fact, confidential, or contains sensitive information, or otherwise is entitled to any protective relief whatsoever.

10. If any Party claims that any matter designated hereunder is not entitled to the protections of this Protective Order, that Party may send a letter requesting a meet and confer regarding the designation pursuant to Local Rule 37. Local Rule 37 sets forth the procedures that must be followed regarding meeting and conferring prior to bringing any motion in front of the Court. The parties will follow Local Rule 37 in managing any disputes over designations. The material shall remain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as designated unless and until the Designating Party agrees in writing to remove the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, or the Court orders that the material is not CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and should not remain protected.

1  11. The terms of this Protective Order are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information submitted or produced by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the Parties through either formal or informal discovery means shall (a) have the same right as a Party to designate any such information under this Protective Order, and (b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

12. At the conclusion of litigation between the Parties, all CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material disclosed in this Action, whether or not filed, or identified as an exhibit in the proceeding, including all copies, shall be returned to the Designating Party within thirty (30) days after the conclusion of the litigation.

*[Handwritten: The Court finds good cause for this protective order pursuant to ¶ 2 of the Stipulation. SHS]*

**IT IS SO ORDERED.**

DATED: 6/03/09

_____
Magistrate Judge Suzanne H. Segal